### MESTICE v. OHRBACH'S AFFILIATED STORES, Inc.

District Court, S. D. New York.
Aug. 12, 1931.

Lewis Landes, of New York City (O. Ellery Edwards, of New York City, of counsel), for plaintiff.

Morris Kirschstein, of New York City, for defendant.

PATTERSON, District Judge.

The patent in suit relates to a coat pattern wherein the coat is of one piece of cloth. The file wrapper shows that the plaintiff's original application was broadly for a one piece coat blank without seams. This application was rejected because of prior patents covering the idea. As finally granted, the patent is for a coat blank with an arm open-

ing and a front and a rear panel separated by a cut out portion extending downward from the arm opening and terminating in a V shaped apex in alignment with the axis of the cut out portion, the front edge being approximately straight and the rear edge concave.

The case was tried for the plaintiff on the theory that the invention was merely in the shape of the darts. It was conceded that the plaintiff did not invent one piece coat patterns and that he did not invent darts.

The defenses were the usual ones of invalidity and noninfringement. Since I am convinced that the patent has no validity, it is unnecessary to go·into the question of infringement.

The prior art shows that patent No. 699,498 was granted in 1902 to DeMayo, covering a coat made of a single piece .of fabric, with curved darts below the arms. The purpose of the darts is to produce a close fit of the coat to the body, which is also the function of the openings in the·plaintiff's pattern. Figure 1 of the DeMayo patent shows that the darts are shaped as in the plaintiff's patent—the front edge slightly curved and the rear edge more curved. It may be that in DeMayo the curve of the front edge is a trifle more pronounced than the plaintiff would have it, but this goes only to the closeness of the fit which is desired. It is true that in the DeMayo patent the sleeves as well as the body of the coat are in a single piece of cloth and in this respect DeMayo presses further than the plaintiff. But the plaintiff's omission of this feature does not embody invention. The conclusion that the DeMayo patent is a complete anticipation cannot be avoided. It is of significance that the De-Mayo patent was not cited in the file wrapper on the plaintiff's patent.

The prior art also discloses patent to Bisceglia, No. 1,060,060, granted in 1913. This covered a coat the body of which was from a single piece. Darts are shown, but their shape is quite different. The shape of darts beneath arm openings, however, has always varied. "The Standard Systems of Cutting," a book published in 1911, shows a dart shaped precisely like the plaintiff's. All that the plaintiff has done is to follow Bisceglia's idea and to change the shape of the dart. This is such an obvious substitution of equivalents that it does not constitute invention.

I do not doubt that the plaintiff thought he had invented something. The novelty of the idea, in his opinion, lay in the one piece coat without continuous side seams. He had never heard of DeMayo or Bisceglia. The fact is nevertheless that they had covered the field ahead of him and deprived his idea of any novelty.

The patent being void, there will be a decree dismissing the bill.